**SO ORDERED.**

**SIGNED this 22nd day of October, 2025.**



_____

Dale L. Somers

United States Chief Bankruptcy Judge

_____

*Designated for Online Publication Only*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF KANSAS

| | |
|---|---|
| In re:<br><br>**Sandy Road Farms, LLC,**<br><br>              **Debtor.** | **Case No. 24-40446**<br>**Chapter 7** |
| **Steven R. Rebein, Chapter 7 Trustee,**<br><br>              **Plaintiff,**<br><br>**v.**<br><br>**Tempel Grain Elevators, LLP,**<br>              **Defendant.** | **Adversary No. 25-7002** |

### Memorandum Opinion and Order Denying Motion to Dismiss

This case involves a $3,460,473.15 preference case against Tempel Grain

Elevators, LLP ("Tempel Grain"). Under a recent amendment to § 547(b),[1] a trustee

---

[1] All statutory references are to Title 11 of the United States Code (the "Bankruptcy Code") unless otherwise indicated.

may avoid a preferential transfer only if his claim is based on reasonable due diligence and he has considered a party's defenses. Here, the Trustee alleges that before he filed the Complaint, he issued a demand letter to Defendant Tempel Grain requesting identification and substantiation of any verifiable defenses it may have to the preference but that "Defendant failed to supply any viable and provable basis for defenses to the [p]reference [c]laim." Tempel Grain asks the Court to dismiss this adversary proceeding because Trustee failed to include proper allegations concerning the new due diligence requirement. Because the Trustee's averments, though general, were sufficient to establish the preference claim, the motion to dismiss must be denied.

I.      Procedural Posture

Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 1, 2022.[2] The case was converted to Chapter 7 on April 29, 2024[3] and Plaintiff Steven R. Rebein was appointed Chapter 7 Trustee. On January 10, 2025, the Trustee filed his *Complaint to Avoid and Recover Preferential Transfers and to Disallow Claims* commencing this adversary proceeding[4] against Tempel Grain. Tempel Grain filed a *Motion to Dismiss* on February 26, 2025 asserting facial lack of subject matter jurisdiction and failure to state a claim for insufficiently pleading the due diligence requirement to a preference claim.[5] The Trustee objected to the Motion[6] and Tempel

---

[2] The petition commenced *In re Sandy Road Farms,* Case No. 22-40446 (the "Main Case").
[3] Doc. 324 in the Main Case
[4] Adversary Proceeding No. 25-7002
[5] Doc. 11 (the "Motion")
[6] Doc. 13.

Grain responded.[7] Because the Motion and responsive pleading are similar in their allegations and arguments in a companion adversary proceeding,[8] the Court held a joint non-evidentiary hearing in both adversaries and heard the oral argument of the parties.[9]

II.   Facts[10]

For purposes of ruling on the Motions, the Court finds:[11]

Trustee alleges that, according to records provided to the Trustee, Debtor Sandy Road Farms, LLC paid Tempel Grain $2,233,203.91 (the "Transfer"), during the 90-day period preceding the Petition Date (the "Preference Period").

Before filing the Complaint, Trustee reviewed the Debtor's records and analyzed transfers to Defendant and conducted an examination of applicable defenses. He sent a letter to Defendant requesting identification and substantiation of any verifiable defenses to avoidance of the Transfer under Bankruptcy Code §§ 547 and 550.[12] The letter also demanded that Tempel Grain return the Transfer amount to the Trustee within 15 days of the letter.

---

[7] Doc. 16.

[8] Adversary proceeding No. 25-7001, *Rebein v. NutriQuest, LLC.*

[9] Trustee appeared through counsel Jonathan Margolies; NutriQuest, LLC appeared through counsel W. Rick Griffin; and Tempel Grain appeared through counsel Klint Spiller

[10] The Court takes judicial notice of its docket in this case. *See Gee v. Pacheco,* 627 F.3d 1178, 1191 (10th Cir. 2010) ("We take judicial notice of court records in the underlying proceedings."); *United States v. Ahidley,* 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."). Also, When entertaining a motion to dismiss, the Court is permitted "to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson,* 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by *McGregor v. Gibson,* 248 F.3d 946, 955 (10th Cir. 2001).

[11] In construing the complaint, the Court presents the allegations in the manner most favorable to Plaintiffs. *See Davis v. McCollum,* 798 F.3d 1317, 1319 n. 2 (10th Cir. 2015).

[12] See Complaint, Exhibit B.

Trustee alleges that the Tempel Grain "failed to supply any viable and provable basis for defenses" and did not return the Transfer amount.[13] The Complaint otherwise alleges facts irrelevant to Motion setting forth the standard elements of §§ 547 and 550 claims. Trustee prays that the Court avoid the Transfer under § 547 and issue an order for turnover under § 550 with Judgment in the Trustee's favor, accruing interest until paid.

III.    Arguments of the Parties

Tempel Grain argues that § 547(b)[14] requires a case trustee to allege what reasonable due diligence in the circumstances of the case he performed, including that he took into account the party's known defenses. Tempel Grain asserts that the Trustee ignored its affirmative defenses, even after its counsel sent him detailed written correspondence with explanations.[15] Tempel Grain argues that the Trustee failed to perform reasonable due diligence by simply and generically averring in the Complaint that it "failed to supply any viable and provable basis for defenses." It argues that the generic dismissal of its defenses is insufficient to establish the due diligence requirement and promotes the "preference mill" litigation Congress meant to curb when it enacted the due diligence requirement. The Motion then details the defenses Tempel Grain presented to the Trustee.

---

[13] See Complaint, ¶ 12

[14] § 547 reads, in relevant part:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case, and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property— …

[15] See the Motion, Exhibit 2.

Trustee argues that he performed and sufficiently pleaded the due diligence required under § 547 by reviewing the Debtor's records, analyzing the Transfer, and examining Tempel Grain's potential defenses to avoidance. Trustee avers that he considered Tempel Grain's responses to his demand letter but that it failed to supply a viable and provable basis for defense. Trustee argues that the due diligence pleading requirement is governed by Rule 9(c)[16] wherein a party need only advance general allegations that all conditions precedent have occurred and his pleading is sufficient under that standard.

IV.    Legal Standard – Motions to Dismiss

Motions to dismiss that question the sufficiency of the complaint are facial attacks on subject matter jurisdiction to be addressed under Rule 12(b)(1).[17, 18] "However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."[19] When that is the case, the Court evaluates facial attacks on subject matter jurisdiction under the same standards applicable to a Rule 12(b)(6) motion to dismiss.[20]

Rule 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Under the so-called *Iqbal/Twombly*

---

[16] All references to "Rule" herein are to the Federal Rules of Civil Procedure and to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure unless otherwise indicated. Rule 9(c) is made applicable herein under Bankruptcy Rule 7009.

[17] Made applicable herein by Bankruptcy Rule 7012(b).

[18] *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)

[19] *Holt v. U.S.,* 46 F.3d 1000, 1003 (10th Cir. 1995) (abrogated on other grounds).

[20] *Muscogee (Creek) Nation v. Oklahoma Tax Com'n,* 611 F.3d 1222, n. 1 (10th Cir. 2010)

standard, "[t]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[21]

"The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."[22] The sufficiency of a complaint is a question of law, and when considering and addressing a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.[23]

But under Rule 9(c), "in pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."[24] A condition precedent is "[a]n act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises."[25] The pleading of conditions precedent falls outside the *Iqbal/Twombly* standard which governs Rule 8(a).[26]

---

[21] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2007)).

[22] *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994)

[23] *Genesee County Employees' Retirement System v. Thornburg Mortgage Securities Trust 2006-3,* 825 F. Supp. 2d 1082, 1120-21 (D.N.M. 2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

[24] Rule 9(c), made applicable by Bankruptcy Rule 7009.

[25] *Black's Law Dictionary*, CONDITION 2, (Bryan A. Garner ed., 12th ed. 2024) (condition precedent (prə-seed-ənt also pres-ə-dənt) (1818) An act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises.)

[26] *Hildebrand v. Allegheny Cnty.,* 757 F.3d 99, 111-12 (3d Cir. 2014) (district court erred in applying *Iqbal/Twombly* to condition precedent).

V.       Legal Standard – Requirement of Trustee Due Diligence

"[B]y putting the [due diligence] language in the lead-in to section 547(b), it is unclear whether the 'reasonable due diligence' requirement is an element of the preference claim, so that a defendant who has no supportable defense can defeat the action by showing the trustee did not undertake reasonable due diligence."[27] But, because the trustee must take defenses into account based on due diligence before he may avoid a transfer, it is clear that the due diligence requirement is a condition precedent.[28] As such, a general allegation that the Trustee has performed due diligence satisfies the due diligence requirement. The Trustee need not "plead around potential affirmative defenses."[29]

The Bankruptcy Code does not define what "reasonable due diligence in the circumstances of the case" means under § 547. Nor does it set forth how a Trustee takes into account "a party's known or reasonably knowable affirmative defenses." *Collier* highlights the inherently subjective nature of the requirement:

> And what is "reasonable due diligence"? Does the trustee have to undertake a *Rule 2004* examination of each potential defendant, or is questioning a representative of the debtor enough? Is an examination of the debtor's books and records likely to be sufficient? The new language requires reasonable due diligence "in the circumstances of the case." What does that mean? Does the effort required to satisfy the trustee's need to exercise reasonable due diligence vary depending, for example, upon the amount of money in the estate, the condition of the debtor's books and records when the trustee examines them, or the availability of the debtor's accounting personnel? And what is meant by

---

[27] 5 Collier on Bankruptcy ¶ 547.02A (16th Ed.)

[28] *Pinktoe*, 2023 WL at *5 ("The new due diligence requirement is a condition precedent.")

[29] *In re Insys Therapeutics, Inc. v. Quinn Emanuel Urquhart & Sullivan, LLP (In re Insys Therapeutics, Inc.),* 2021 WL 5016127, at *3 (citing *In re Adams Golf, Inc. Sec. Litig.,* 381 F.3d 267, 277 (3d Cir. 2004) ("[A]n affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6).")); *see also Pinktoe Liquidation Trust v. Dellal (In re Pinktoe),* 2023 WL 2960894, *5 (Bankr. D. Del. 2023) (citing cases).

the requirement that the trustee "tak[e] into account a party's known or reasonably knowable affirmative defenses under subsection (c)"?[30]

"The standard is an objective one and is defined by a competent trustee practicing before the specific jurisdiction involved."[31]

## VI.    Analysis and Conclusions of Law

Here, Tempel Grain facially attacks whether the Trustee sufficiently plead the § 547 due diligence requirement so the Court will evaluate the Motion under Rule 12(b)(6). Because the due diligence requirement is a condition precedent, the Court must evaluate, under Rule 9(c), whether the Trustee generally alleged that the due diligence requirement was met. The Court must take the facts in Trustee's complaint as true and construe them in the light most favorable to the Trustee.

In the Complaint, Trustee alleges that he "conducted a review of [the Debtor's] records and an analysis of any transfers to Defendant subject to avoidance as well as an examination of applicable and provable defenses (if any) to avoidance of such transfers."[32] He also alleges that he issued a demand letter to Tempel Grain asking for substantiation of any defenses but that "[d]efendant failed to supply any viable and provable basis for defenses to the Preference Claim."[33] In short, the Trustee alleges that he investigated the transfers and any defenses to their avoidance.

Trustee's allegations were competent and sufficient to generally allege the condition precedent of due diligence in the circumstances of the case, taking into

---

[30] 5 Collier on Bankruptcy, ¶ 547.02A (16th Ed.).
[31] *Husted v. Taggart (In re ECS Refining, Inc.)*, 625 B.R. 425, 457 (Bankr. E.D. Cal. 2020)
[32] Complaint, ¶ 8
[33] Complaint, ¶ 12

account the Defendants' defenses. Trustee is not required to "plead around the defenses" by describing which defenses he considered and why he determined that they were not viable or what his reaction to Defendant's explanation of its defenses might have been. It is sufficient that Trustee alleged he did not find any viable defenses. Trustee is further not required to plead his due diligence efforts with any particularity but that they generally occurred as required by Rule 9(c). He has done so.

VII.    Conclusion and Order

Trustee has sufficiently plead that he completed the § 547 due diligence requirement before filing the Complaint.

WHEREFORE, THE COURT ORDERS that for the reasons set for herein, the Motion is denied.

###